PER CURIAM.
We reverse the trial court’s order summarily denying appellant’s Rule 3.800(a) motion seeking additional jail credit. The court attached no records and conclusorily stated that defendant received all the credit to which he was entitled. The motion alleged that appellant was entitled to credit for one year that he spent in the county *783 jail completing a drug program as a condition of probation. The motion alleged the dates of his incarceration. The motion was legally sufficient. A defendant is entitled, and the trial court is required to award, credit for time spent in jail as a condition of probation. See Robinson v. State, 827 So.2d 845 (Fla. 4th DCA 2002). The court reversibly erred in failing to attach records to show conclusively that the defendant was not entitled to the additional jail credit he seeks. See Fleming v. State, 980 So.2d 1110 (Fla. 4th DCA 2008). We reverse and remand for the court to award the additional jail credit or to attach records demonstrating that appellant is not entitled to the credit.

Reversed and Remanded.

STEVENSON, GROSS and LEVINE, JJ., concur.